Argued and submitted November 14, 1988, reversed and remanded for a new trial
January 11, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD LYLE GOLDSBERRY,
*Appellant.*

(C8710-36090; CA A47334)

767 P2d 110

Richard S. Mannis, Portland, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

WARDEN, P. J. pro tempore.

**WARDEN, P. J.** pro tempore.

Defendant appeals his conviction for possession of a controlled substance, ORS 475.992(4), assigning as error the trial court's denial of his motion to suppress evidence obtained in a search of his hospital room. We reverse.

Defendant was in Good Samaritan Hospital for surgery when a hospital security officer noticed two plastic bags containing a white powdery substance among defendant's possessions. Defendant instructed the security officer and the hospital cashier not to store the bags in the hospital security lockers if they were going to call the police. A nurse then placed the bags in defendant's jean's pocket, rolled up the jeans and placed them in a closet in defendant's room. The security officer notified her supervisor of the discovery of the bags, and he notified the Portland police.

Two police officers arrived to arrest defendant on an escape warrant while he was still under sedation from the surgery. They had no search warrant. They awakened him to execute the warrant and then made arrangements to transfer him to a jail ward in another hospital. At some point in the transfer process, one of the officers searched defendant's pants and found the plastic bags.

The state offers a number of arguments to justify the warrantless search. Only the argument that the evidence would have been discovered inevitably merits discussion. The state contends that defendant's belongings would have been searched as a part of booking him into the jail ward in the second hospital. Therefore, under the inevitable discovery doctrine, the disputed evidence would have been admissible despite the absence of a search warrant.

The Supreme Court has held that

> "the doctrine of inevitable discovery encompasses a two-part test. The prosecution must establish by a preponderance of the evidence: (1) that certain proper and predictable investigatory procedures would have been utilized in the instant case, and (2) that those procedures inevitably would have resulted in the discovery of the evidence in question." *State v. Miller,* 300 Or 203, 226, 709 P2d 225 (1985), *cert den sub nom Miller v. Oregon,* 475 US 1141 (1986).

The court also stated that "[t]he findings used to substantiate

this two-part test must be fairly supported by the record." 300 Or at 227.

The prosecution did not offer any evidence regarding the "proper and predictable investigatory procedures" used when booking an arrestee into a jail ward in a hospital. The state assumes that procedures at the hospital jail ward are essentially the same as those employed when booking a defendant into a jail, but it offers no testimony or other evidence supporting that assumption. The state has failed to meet its burden under the first part of the *Miller* test and, consequently, cannot justify this warrantless search under the inevitable discovery doctrine.

Reversed and remanded for a new trial.